IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT M. FAVRE PUBLIC ADJUSTER, LLC | § § § § | PLAINTIFF |
| v. | § | Civil No. 1:12CV75-HSO-RHW |
| | § § § | |
| DAVIS DEVELOPMENT, INC. | § | DEFENDANT |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS PURSUANT TO RULE 12(b)(2)**

BEFORE THE COURT is the Motion [5] of Defendant Davis Development, Inc. ("Defendant"), to Dismiss Pursuant to Rule 12(b)(2), filed April 3, 2012. The Motion is fully briefed [6]. Plaintiff Scott M. Favre Public Adjuster, LLC ("Plaintiff"), has filed a Response [7], and Defendant a Rebuttal [11]. Also before the Court is Defendant's Renewed Motion to Dismiss for Lack of Personal Jurisdiction [15] filed May 3, 2012. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that personal jurisdiction exists over Defendant. Defendant's Motions should be denied.

I. BACKGROUND

A.   Procedural History

Plaintiff filed his Complaint [1] in this Court on March 8, 2012, raising breach of contract claims against Defendant. On April 18, 2012, this Court entered an

Order [9] requiring Plaintiff to submit a brief on the issue of subject matter jurisdiction. Plaintiff filed a Motion for Leave to Amend/Correct Complaint [10], which was granted by text Order on April 19, 2012. On April 24, 2012, Plaintiff filed an Amended Complaint alleging breach of contract and seeking recovery of the outstanding unpaid balance of an alleged $100,000.00 fee. Am. Compl. [12], p. 3. Plaintiff's claims arise out of a Public Adjuster Agreement between the parties, pursuant to which Plaintiff acted as the adjuster. Plaintiff is a limited liability company registered in the State of Mississippi. Defendant is a corporation organized under the laws of, and doing business in, the State of Georgia. Plaintiff contends that Defendant entered into a contract for services with a resident of this State to be performed in part in this State, such that the Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332 and the Mississippi long-arm statute, Miss. Code § 13-3-57. Defendant disputes the propriety of personal jurisdiction over it, and moves this Court to dismiss the Complaint [1], pursuant to Federal Rule of Civil Procedure 12(b)(2). Def.'s Mot. To Dismiss [5], p.1.

B.    Factual Background

Davis Leasing, a subsidiary of Defendant, owned a Cessna aircraft which was involved in an accident in Henry County, Georgia. A dispute arose between Defendant and its insurer, Old Republic, over the amount due and owed under the insurance policy. Def.'s Mem. in Supp. Mot. to Dismiss [6], p. 2. As a result of this controversy, on or about June 10, 2011, Defendant contacted Plaintiff, and the parties subsequently entered into a Public Adjuster Agreement. Am. Compl. [12], p.

-2-

3; *see also* Def.'s Mem. Supp. Mot. to Dismiss [6], p. 3. The stated purpose of the Agreement was for "Plaintiff to represent and advise Defendant in the preparation, presentment, and adjustment, as well as to compromise and settle all claims for losses and damages to Defendant's Cessna aircraft." Am. Compl. [12], p. 3. The contract included a Georgia choice of law provision. Even though the aircraft was located, and the insurance policy had been written, in Georgia, Def.'s Mem. Br. Supp. Mot. To Dismiss [6], p. 3, Plaintiff completed most of its work in Mississippi, Pl.'s Resp. [7], p. 1.

## II. DISCUSSION

A. Standard of Review

A motion to dismiss under Rule 12(b)(2) challenges a federal court's jurisdiction over named parties. *See* FED. R. CIV. P. 12(b)(2). A suit may be dismissed pursuant to Rule 12(b)(2) if personal jurisdiction over a non-resident defendant is lacking. *Allred v. Moore & Peterson,* 117 F. 3d 278 (5th Cir. 1997); *Jobe v. ATR Marketing, Inc.*, 87 F. 3d 751 (5th Cir. 1996). In the present case, Defendant challenges this Court's jurisdiction based upon the face of the Complaint; therefore, the Court must apply an analysis similar to that utilized under Rule 12(b)(6), and accept the allegations of Plaintiff's Complaint as true. *Morrone Co. v. Barbour*, 241 F. Supp. 2d 683, 687 (S.D. Miss. 2002)(citations omitted). This Court can only exercise personal jurisdiction over the named Defendant to the extent permitted by Mississippi law. *Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612, 616 (5th Cir. 1989).

The propriety of personal jurisdiction over a non-resident defendant is determined by a two-step inquiry: (1) the defendant must be amenable to service of process under the Mississippi long-arm statute; and (2) the exercise of jurisdiction under the state statute must comport with the dictates of the Due Process Clause of the Fourteenth Amendment.  *Gardner v. Clark*, 101 F. Supp. 2d 468, 474 (N.D. Miss 2000) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-05 (1987)). Defendant submits that because the requirements of both the Due Process Clause and the Mississippi long-arm statute, Miss. Code Ann. § 13-3-57[1], are not satisfied, this Court should not assume jurisdiction over it.

B.   Mississippi Long-Arm Statute Analysis

1.   The Applicable Law

The Mississippi long-arm statute permits a court to exercise personal jurisdiction over a non-resident defendant who: (1) makes a contract with a resident of this state to be performed in whole or in part by any party in this state;

---

[1] **§ 13-3-57. Service on nonresidents; generally.**

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.

(2) commits a tort in whole or in part in this state against a resident or non-resident of this state; or (3) does any business or performs any character of work or service in this state. *Internet Doorway, Inc. v. Parks*, 138 F. Supp. 2d 773, 775 (S.D. Miss. 2001); *see also* MISS. CODE ANN. § 13-3-57.

In order to fall within the ambit of the contract prong of the Mississippi long-arm statute, two prerequisites must be present: (1) the contract must be made with a resident of Mississippi, and (2) it must be performed either in whole or in part by either party in Mississippi. *Cycles, Ltd.,* 889 F.2d at 617. Because there is no factual dispute that Plaintiff is a resident of Mississippi, the Court focuses on the second prong of the contract analysis.

The question of what constitutes performance of a contract in whole or in part in the State of Mississippi was examined in *Medical Assurance Company of Mississippi v. Jackson,* 864 F. Supp. 576, 578 (S.D. Miss. 1994), where this Court cautioned against a "narrow and unfounded view of what performance of a contract entails," *id.* In that case, the Court found that partial performance of the contract occurred in Mississippi where a check was sent from Mississippi, the check was paid by a Mississippi bank, and the release form was returned to a location in Mississippi. The Court reached this conclusion even though settlement proceeds were sent to Alabama and the release was revised and executed in Alabama. *Id.* Also of relevance here is *Cirlot Agency, Inc. v. Sunny Delight Beverage Co.*, 2012 WL 1085867, *3 (Miss. Ct. App. 2012), where the Mississippi Court of Appeals reasoned

that since the plaintiff, Cirlot, was located in Mississippi, its performance of the contract logically occurred at least in part within the state.

In *Aultman, Tyner & Ruffin, Ltd. v. Capital Rubber and Speciality Co., Inc.*, 2011 WL 213471, *7 (S.D. Miss. 2011), this Court determined that the performance of a contract occurred in Mississippi when the law firm plaintiff in that case rendered legal services from its office in Mississippi.  Numerous contacts took place within Mississippi regarding representation, all billing occurred in the Mississippi office, and checks for legal services were sent to Mississippi.  *Id*.  The Court found that performance of a contract had occurred at least in part in Mississippi despite allegations by the defendant that the contract was performed from the law firm's office located in Louisiana.  *Id.* at *6.

    2.    <u>Plaintiff's Prima Facie Case</u>

In this case, Plaintiff's Response [7] alleges a number of facts which, if taken as true, support a finding of partial performance of the Public Adjuster Agreement in Mississippi.  Plaintiff asserts that the contract was at least partially performed in Mississippi by virtue of its communications with Defendant's general counsel, which included faxes, calls, emails, and conference calls.  Plaintiff also alleges that documents were sent to its Mississippi office, that Defendant's counsel directed other relevant parties to send communications to Mississippi, and that multiple employees of Plaintiff spent hundreds of hours in the Mississippi office working on Defendant's insurance claim.  Pl.'s Mem. Br. in Opp'n of Mot. to Dismiss [8], pp.1-3.  Plaintiff also stresses that it has only one office, located in Mississippi, suggesting that it should

have been obvious to Defendant that at least some contractual performance would have to occur in Mississippi. *Id.* at p.2.

Defendant argues that the contract did not necessarily have to be performed in Mississippi, because the work could have taken place in another state. This contention is insufficient to rebut the showing made by Plaintiff that the contract was at least partially performed in Mississippi, thereby satisfying the requirements of the long-arm statute's contract prong. *See Aultman, Tyner & Ruffin, Ltd.,* 2011 WL 213471 at *6 (finding that the contention that defendant thought the contract would be performed outside the forum inconsequential). The variety of activities proffered by Plaintiff fall within the scope of the broad language used to determine performance of a contract in *Medical Assurance Company of Mississippi*. The record supports a finding that the contract was partially performed in Mississippi. The Court is persuaded that the requirements of the contract prong of the Mississippi long-arm statute have been satisfied.

C. Due Process Analysis

    1. The Applicable Law

"Exercising personal jurisdiction over a nonresident defendant is compatible with Due Process when '(1) the defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice.'" *Walk Haydel & Assocs. v.*

*Coastal Power Prod. Co.* 517 F.3d 235, 243 (5th Cir. 2008) (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001)); *see also Wien Air Alaska v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999). These "minimum contacts" must be such that "the defendant could reasonably anticipate being haled into court in the forum state." *Wien Air*, 195 F.3d at 211 (internal quotations and citations omitted). "'Minimum contacts' can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Panda*, 253 F.3d at 867 (quoting *Alpine View Co. v. Atlas Copco A.B.*, 205 F.3d 208, 214 (5th Cir. 2000)).

In the context of this dispute, Plaintiff must proffer minimum contacts which are sufficient for this Court to exercise specific jurisdiction. Specific jurisdiction is appropriate "when a nonresident defendant 'has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Walk Haydel*, 517 F.3d at 243 (citing *Panda*, 253 F.3d at 868).

Defendant relies on case law which holds that mere entry into a contract is insufficient to satisfy minimum contacts. It cites *Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1028-29 (5th Cir. 1983), where contacts were established by and through an agreement with the plaintiff in the forum, as well as communications, payment, and even a visit to the forum. The Fifth Circuit determined that defendant did not have sufficient contacts to meet the standard of

purposeful availment, noting that plaintiff initiated the contract, the defendant did not regularly engage in business in the forum, the goods were delivered to the plaintiff outside of the forum, and there was a provision dictating the application of law from another forum. *Id.* at 1029; *Patterson v. Dietze, Inc.,* 764 F.2d 1145 (5th Cir. 1985) (finding a contract was not enough for minimum contacts by examining whether or not the "hub of activities" occurred within the forum state).

Although some cases do hold that existence of a contract alone is not enough, others have concluded that a contract, along with the presence of some other factor or factors, is sufficient to satisfy Due Process. In *Medical Assurance Company of Mississippi,* 864 F. Supp. at 579, the Court determined that the defendant's initiation of the contract in the forum, ongoing communication in the forum, cashing a check from a state bank in the forum, and returning a release to the forum, were sufficient contacts to comport with Due Process.

In quoting from *Aultman, Tyner, & Ruffin, Ltd.,* 2011 WL 213471, at *8, the Mississippi Court of Appeals has observed that:

> [w]hen a nonresident defendant takes purposeful and affirmative action, the effect of which is to cause business activity, foreseeable by the defendant in the forum state, such action by the defendant is considered a minimum contact for jurisdictional purposes. Courts have continued to find the initiation of contact by the defendant to be of considerable importance.

*Cirlot Agency, Inc.,* 2012 WL 1085867, at *4. *Cirlot Agency* found that defendant's initiation of the agreement with the Mississippi plaintiff, coupled with its subsequent phone calls and emails to Mississippi about the agreement, satisfied the

requirements of Due Process. *Id* at *5.

    2.    <u>Plaintiff's Prima Facie Case</u>

The foregoing authorities direct this Court to consider whether Defendant's only contact with Mississippi is the existence of the Public Adjuster Agreement itself, with the hub of activities occurring elsewhere, or whether Defendant's entry into a contract coupled with other pertinent conduct make it amenable to suit in Mississippi. The record demonstrates that Defendant initiated the contract with Plaintiff in Mississippi. Pl.'s Mem. Br. in Opp'n of Mot. to Dismiss [8], p.1. This, along with the other facts discussed earlier herein, persuade the Court that Defendant purposely availed itself of the benefits of the forum, such that being haled into court in Mississippi was anticipated. This conclusion is supported not only by Defendant's initiation of the contract with Plaintiff in Mississippi, but also by Defendant's sending documents to Plaintiff in Mississippi, Defendant's ongoing correspondence with Plaintiff in Mississippi, and Defendant's directing of other relevant parties to contact Plaintiff's Mississippi office. Pl.'s Mem. Br. in Opp'n of Mot. to Dismiss [8], p.1-2. In short, the record supports the conclusion that Defendant initiated and directed contact toward the forum, such that it was foreseeable that Defendant could be haled into court in Mississippi.

### III. <u>CONCLUSION</u>

Taking the factual allegations of the Complaint as true, the Court is of the view that Defendant is subject to this Court's jurisdiction under the provisions of the Mississippi long-arm statute, as well as under principles of Due Process.

Defendant's Motions should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, Defendant Davis Development, Inc.'s Motion to Dismiss [5] filed April 3, 2012, pursuant to Federal Rule of Civil Procedure 12(b)(2), is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Davis Developments, Inc.'s Renewed Motion to Dismiss for Lack of Personal Jurisdiction [15] filed May 3, 2012, pursuant to FED. R. CIV. P. 12(b)(6), is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 18th day of June, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE